Good morning and may it please the court. I want to say it's a special honor and privilege to be in front of Judge Nathan again. This appeal boils down to a simple contract interpretation issue. Has the agreement expired? It's respectfully submitted that the district court below abused its discretion in enforcing the terms of an expired agreement. In the court below, plaintiff did not argue... I'm sorry, I, I, I, you'll have the time to explain it, because this is very important to me. I have read all of the papers many, many times and it seems to me that there are at least three, each paper offers what are potentially three theories of what plaintiff's claim case is and would help me at least to know what your actual theory is. So one theory seems to be there was never a contract formed and therefore the form selection clause cannot be enforced against your client. Another theory is there was a contract, but we shouldn't enforce it because of some sort of defense that's akin to duress or capacity. The third is that the form selection clause in itself is improper and you have used arguments that sound like contract formation questions, but they actually go to prong one and prong four of the factors set out in Martinez. So can you tell me which of the three theories you and your client are putting forward? Yes, I like to view it as an onion layer of defenses. The first argument is that there was no meeting of the minds because of the way in which the agreement was reached. So there's no contract? That's the initial, that was the initial argument that was argued in the court below and that's why the expiration argument was not raised because the argument was there was no meeting of the minds. The plaintiff was presented with the agreement and said he must sign it and that it talks about his hours and his compensation. Okay, so what do we do about all of the case law that says that when a potential signer doesn't understand the terms of the contract that they have a duty to inform themselves? How does that factor into this? It doesn't factor in at all because he was given no opportunity to do so. He was told to sign on the spot in front of the employee named Allah. Okay, so does that mean if we find New York cases that say you don't void take it or leave it contracts, then you don't prevail? No, take it or leave it contracts are acceptable in the employment context. The problem here is procedural unconscionability. He was told this is about your hours and compensation, fill in the date and sign and he did it within a span of three minutes. He was not told this is also a forum selection clause that if we have a dispute you must go only to this forum. He was not told that and that's what he averts in his declaration and it's undisputed by the other side, who by the way provides a completely different explanation for how the contract was reached. So do you, in your view, does the binding law in our circuit or is there a binding law in our circuit that says what order we have to decide this? Whether we first have to decide whether or not there was a contract in order to be able to enforce the forum selection clause or whether we let the forum select or indicated in the forum selection clause be the ones to decide whether or not there's a contract? I believe it goes in chronological order. The first argument was the reading of minds. The question I asked was what do you think is the case law telling us what to do? Is it open and you're offering us a way to close it by suggesting we go in chronological order or do we have case law telling us which order we're supposed to go in? I'm not prepared to address the format of how it's supposed to be done. I would presume based on my reading of case law in general that it goes in chronological order. So the argument is first there was no meeting of the minds. But if the court finds that there was, the agreement expired by its terms. And if the court finds that that expiration argument should not be considered based on the arguments raised by opposing counsel or if it's not expired according to the court, then we get to overreaching. And so he did sign, but was it procedurally unconscionable for him to do so? Those are the three main arguments in this case. And the final one is form selection. Okay. So the procedural unconscionability you think goes to the validity of the form selection clause, not as to the validity of the contract writ large? That's correct. That's correct. So in this case, there's no, there can be no real dispute that the contract expired by its terms. The only argument raised by the defendants is it wasn't raised in the trial court below. But this court has the discretion to consider that argument because it's a question of pure law. And the federal, the district court did not engage in any fact-finding. So the contract is clear. It's a one-year term. And it went into effect on January 1st of 19. It expired on January 1st, 2020. It says that if you want to change any of its terms, it has to be in a signed writing against the party whom it sought to be enforced. The defendants haven't produced any signed writing saying that the term was extended or renewed. Well, so are you asking us to bifurcate the claims to the ones that happened between the 218 and 219 and then something else? Are you, what do we do about the fact that there's a time period that you clearly, I suggest, or I suspect are going to want relief for that's also not included within the terms of the contract? I don't think it should be bifurcated because the claim was raised after the contract expired. There's no contract to enforce anymore. Their assertion is that it was renewed by fiat. It was renewed because we have the discretion to do so. But they don't have anything in writing which is required by the courts. Right, but isn't that a bit circular because you said that the contract was never formulated because of the meetings of the mines. So if it never existed, then it doesn't have an expiration date. It's an alternative argument, Your Honor. The argument is there was no meeting of the terms. That's sort of what I like to refer to as the onion layer of defenses here for this contract. Do you have any questions, Judge Kahn? Thank you so much. We'll hear from you on rebuttal. May I raise a few more points? And rebuttal. Thank you. Thank you, Your Honor. I'm going to ask you, Counselor, to start with the same question. What is your theory of how the district court approached this case? I'm not—good morning, Your Honor. May it please the Court. George Soteras for the appellee. I'm not familiar with case law that defines the order in which the analysis has to be conducted. However, in this case, and I think the case law supports the notion that if there is any kind of overreaching or unconscionability, whichever prong you go under, it has to be with respect to the forum selection clause itself. Right, but that won't work if there's no valid contract, right? That's why the question of the order. You're definitely right that we have case law that says that's what you look at before you go and interpret the terms. But if there's actually not a contract, we need to figure out, I think, which court gets to decide that, whether the court's indicated in the forum selection clause or the court that the plaintiff filed the claimant. And that may be the case, but I think either way, whichever approach you start with, you end up with the same result, and partly because there's nothing in Mr. Mirovich's affidavit which suggests, for example, that anybody misled him. There's no factual flesh to the bare bones allegations that there was some sort of pressure or overreaching. And even then, the case law in this circuit— Well, on the bare bones question, which was obviously the district court's conclusion, I mean, I guess how much more specific is—I see there's some allegations specific about who told him what, named this person Ala, says that Ala implied to him he'd lose his job if he didn't sign that in there. Is that conclusory, or are those fairly specific allegations? Well, even if you accept those factual allegations, which have a little more flesh in them, and accept that Ala was the person who presented this to him and said, your job is on the line if you don't sign it, the case law is pretty clear. And it's well accepted in this circuit and throughout the United States that such types of pressure and having your job on the line is not sufficient to show overreaching, fraud, or any of the things that— I mean, I'm very glad that Judge Nathan brought that up, because one of the things that I think we—there's certainly text in the district court opinion that suggested that there was a weighing of the evidence and a weighing of credibility. In fact, there's even parts of your brief picking out the weighing of the evidence and the weighing of credibility. And I don't think sitting here today you would dispute that it's not appropriate at a motion-to-dismiss stage to actually be weighing credibility when there are two different versions. I fully agree. Credibility is not a proper determination. Okay, so then what do we do about the fact that there's at least arguable text that the district court did? Even if the district court did assess credibility or weigh evidence, I think what the district court says ultimately, and at one point in the decision actually distills the undisputed facts when it comes to assent to the agreement, the meeting of the minds argument that it was Mr. Mirovich who received the document. It's a fact that's undisputed that he signed the document. It's a fact that's undisputed he filled in the document. So those facts in themselves—and by the way, under New York law—is sufficient to show meeting of the minds, which is an objective standard. And on that point, I would also bring to the Court's attention—and we'll submit this via letter pursuant to the rules—after our motions were briefed, there was a seminal appeals in New York. The case is Wu against Uber Technologies, which basically affirmed that there's no subjective standard when it comes to mutual assent. You have to look to the party's conduct. It's objective. And that case entailed what's called a click-wrap contract, where you click a box and accept terms which nobody ever reads. And New York Court upheld those click-wrap contracts. And it's highly relevant to this inquiry because when you really distill what the district court did here, even though the district court may have gone on a tangent slightly and maybe weighed two affidavits, when you distill the facts that were not disputed, you basically have an enforceable contract, conduct of assent to that contract, and all the arguments of unconscionability end up in favor of Big Apple. So do you think the unconscionability arguments are more properly understood as a contract formation or as a prong four of enforcement? I would think it's prong four because the inquiry before this court is did the district court abuse its discretion? That really is what the sole question is here today. And I think those facts were put forward in a way to establish that there was some sort of overreaching in the making of the contract or the form selection clause. And that's not really the case. And I also want to point out one thing about the new argument. You're out of time, so finish up, please. Sure. On the one argument about the renewal of the contract, the clause in the contract is pretty clear. There's no requirement for written notice. That's something that's been invented on this argument. And it's not a modification, amendment, or change to the contract. It's self-executing in the sense that that clause says it renews, much like a lease does. And it's a pretty common provision to allow for the extension on the same term. So thank you, Your Honors. Very briefly, the district court did make credibility determinations on the papers. The case law says that in these kind of situations, a hearing is mandatory. No hearing was done at a minimum, if not reversed, this court. So what would the hearing show? Would the hearing be as to whether or not there was a contract formed? Or was the hearing show whether or not he, the enforcement, I'm sorry, the form selection should be enforced? It would be the former, Your Honor, whether a contract was formed. And just going to some of the points raised in the brief by defendants, there was no conduct. The argument was that the party's conduct in continuing the employment constitutes renewal. That's not enough in this circumstance because of the merger modification clause. It says clearly that the term is one year. And if you want to change any of the terms, it has to be an assigned writing. The second argument is there's no writing requirement, which is belied, again, by that same provision. And the third argument is that defendants renewed the agreement in their discretion, but again, they failed to produce a writing. One other point that's raised is that Alla is a Russian-speaking individual, just like my client is. That argument is unavailing because, again, Mr. Mirovich's declaration clearly states Alla only told him this contract is about your compensation and your hours. She did not mention anything about the form selection clause. As a result, there could not be any meeting of the minds as to that provision. I want to say that the defendant's argument is very similar to a person arguing with a traffic officer about a ticket for an expired meter. Just because they had one year in on the clock after it expired does not mean it automatically renews. Once the meter is expired, you get a ticket, and this court should issue a ticket back to federal court.